IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

<table>
<tr><td>
ATLANTIC MEDICAL<br>
SPECIALISTS, LLC, a Delaware<br>
Limited Liability Company,<br>
<br>
    Plaintiff,<br>
<br>
  v.<br>
<br>
GASTROENTEROLOGY<br>
ASSOCIATES, P.A., MICHELE<br>
CAMPONELLI, THOMAS SPAHR,<br>
MARK CORSO, M.D., DAVID R.<br>
BESWICK, M.D., IRA F. LOBIS,<br>
M.D. and JOSEPH F. HACKER III,<br>
M.D.,<br>
<br>
    Defendants.
</td><td>
)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)
</td><td>
C.A. No. N15C-06-245 CEB
</td></tr>
</table>

Submitted: February 13, 2017
Decided: April 20, 2017

**MEMORANDUM OPINION**

*Upon Certain Defendants' Motion for*
*Judgment on the Pleadings.*
**GRANTED.**

Laurence V. Cronin, Esquire, SMITH KATZENSTEIN & JENKINS LLP, Wilmington, Delaware. Attorney for Plaintiff.

C. Scott Reese, Esquire and Christopher H. Lee, Esquire, COOCH AND TAYLOR P.A., Wilmington, Delaware. Attorneys for Certain Defendants' Mark Corso, M.D., David R. Beswick, M.D., Ira F. Lobis, M.D., and Joseph F. Hacker, III, M.D.

**BUTLER, J.**

## FACTUAL BACKGROUND

On September 29, 2016, Plaintiff filed its Amended Complaint to add Defendants Mark Corso, M.D., David Beswick, M.D., Ira Lobis, M.D. and Joseph Hacker III, M.D. (collectively the "Individual Defendants") in their individual capacity. The only substantive addition to the Complaint is that these newly named defendants "were personally involved in" causing the corporate defendant to disclose confidential business information belonging to Plaintiff."[1]

There are two claims asserted against the Individual Defendants: tortious interference with contract and misappropriation of trade secrets.[2] Individual Defendants have brought this motion to dismiss the claims asserted against them, arguing that the Court lacks jurisdiction and that the claims are barred by the statute of limitations.

## DISCUSSION

### A. Defendants' Argument that the Statute of Limitations has Expired on Plaintiff's Trade Secrets Claim is Moot.

We have today ruled that the harm done to Plaintiff, assuming it can prove its case to the jury, was not a misappropriation of trade secrets. We therefore will

---

[1] Am. Compl. ¶18.

[2] These claims – and the facts underlying this dispute – are dealt with at some length in the separate opinion being issued today under the same case number.

1

demur on ruling on Defendant's argument that the statute of limitations has expired on the dismissed claim.

## B. Defendants' Argument that Plaintiff is Improperly Attempting to Pierce the Corporate Veil is Rejected.

The Individual Defendants argue that Plaintiff is engaged in an improper effort to "pierce the corporate veil," a device employable only in a court of equity and a matter over which this Court has no jurisdiction. While it is true that the Superior Court may not pierce the corporate veil and attach liability to directors, officers or shareholders as such,[3] Defendants mischaracterize Plaintiff's complaint. The liability alleged does not attach to the named Individual Defendants by reason of their status as shareholders or directors. Rather, liability is sought due to the Individual Defendants' individual participation in the torts complained of.

While not referenced by Plaintiff in its pleadings, the "personal participation doctrine" holds that officers and directors in a corporation can be held liable for torts that they "commit, participate in, or inspire, even though the acts are performed in the name of the corporation."[4] Liability only attaches where the officer "directed, ordered, ratified, approved, or consented to" the tortious act in question.[5]

---

[3] *See, e.g., Scott-Douglas Corp. v. Greyhound Corp.,* 304 A.2d 309 (Del. Super. 1973).

[4] *Heronemus v. Ulrick,* 1997 WL 524127, at \*1 (Del. Super. July 9, 1997).

[5] *Brandt v. Rokeby Realty Co.,* 2004 WL 2050519, at \*10 (Del. Super. Sept. 8, 2004).

The Individual Defendants have not argued that the allegation that they "were involved in" the torts alleged is insufficiently articulated to withstand a motion to dismiss and the Court therefore expresses no opinion on the issue. To the extent Individual Defendants' argument is directed solely to the question whether Plaintiff could establish some facts that would sustain the Complaint based upon the individual conduct of the named defendants, the Court holds that the Amended Complaint does not ask the Court to pierce the corporate veil and the Amended Complaint cannot be dismissed on that basis.

## C. The Tortuous Interference Claim Brought Against Individual Defendants is Time Barred.

Next we turn to the Individual Defendants' argument that Plaintiff's tortuous interference claim is time barred. The parties are in agreement that the relevant statute of limitations is three years.[6] The Amended Complaint was filed on September 29, 2016. Therefore, if the claim accrued before the end of September, 2013, it is barred by the statute of limitations.

The Plaintiff's Amended Complaint alleges that: "As early as the fall of 2012, AMS became aware that DMMS was sharing its confidential business information with others affiliated with GA who had no legitimate reason to have

---

[6] Pl. Opp. Motion ¶ 8.

access to such information."[7] Plaintiff also alleges that on January 23, 2013, at least two of the Individual Defendants notified Plaintiff that "GA formally decided to bring the anesthesia services at [Endoscopy Center of Delaware] in house."[8]

As explained in *WaveDivision Holdings, LLC v. Highland Capital Management, LLC et al.,* in a claim where injury is a required element, such as tortious interference, the plaintiff cannot file suit until an injury has occurred.[9]

Two of the Individual Defendants notified Plaintiff on January 23, 2013 that Plaintiff's contract would be terminated and that GA would be taking over all anesthesia services at the Endoscopy Center of Delaware ("ECD"). Formalizing that decision, on April 30, 2013, Plaintiff was given 90-day notice of termination of the contract. On August 1, 2013 the contract between AMS and ECD formally ended. All of these dates fall outside the statute of limitations and, not surprisingly, Plaintiff urges that none of them signaled the accrual of a cause of action.

Plaintiff contends that its tortuous interference claim is a continuing tort that extended until October 1, 2013, the day AMS ceased doing business and Katz became a GA employee. The discrepancy between the date of the termination of the AMS/ECD agreement on August 1 and the commencement of Katz's

---

[7] Am. Compl. ¶ 18.

[8] *Id.* ¶ 20.

[9] 2010 WL 1267126, at *5 (Del. Super. Mar. 31, 2010).

4

employment (and GA's assuming the role) on October 1 is not fully fleshed out in the record. But it appears there was a snag or two that left GA unable to take over the anesthesia function before then and required AMS to continue in its role for a few months. Nonetheless, the die was cast on June 10, 2013 when Katz signed his employment agreement to become the medical director of the anesthesia division of GA.

The Court cannot agree with Plaintiff that its cause of action continued to accrue after 1) Katz was informed in January 2013, 2) AMS was given 90 day written notice of termination as per the contract, and 3) Katz essentially abandoned AMS and signed an employment agreement with GA. While we could further deepen this analysis by considering which of these dates actually triggered the statute, it is unnecessary. The Court is confident that by August 1, 2013, Plaintiff's clock was ticking and a filing more than 3 years thereafter is untimely. Plaintiff's reference to *Oakes v. Gilday*[10] for the proposition that Individual Defendants' continued inquiry into the confidential files of DMMS was some sort of continuing tort misses the point: the injury AMS alleges is the termination of the AMS/ECD contract. That happened at the latest on August 1, 2013. It was not a "continuing tort" that survived the termination of the AMS/ECD contract.

---

[10] 351 A.2d 85, 87 (Del. Super. 1976)("The general rule in tort law is that in the case of a continuing tort and injury whose damages cannot be determined until the cessation of the wrong, the statute of limitations begins to run no earlier than the last date of the wrong").

## CONCLUSION

For the reasons stated, the Individual Defendants Motion for Judgment on the Pleadings is **GRANTED**.

_____
Judge Charles E. Butler