# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| LYNN J. ROGERS, | ) | |
| | ) | C.A. No. S17C-02-020 RRC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN F. BUSHEY and MILTON | ) | |
| FIRE DEPARTMENT, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Submitted: November 14, 2017
Decided: February 7, 2018

On Defendants' Motion to Dismiss Amended Complaint. **GRANTED.**
On Plaintiff's Motion to Amend Trial Scheduling Order. **DENIED.**

## MEMORANDUM OPINION

Gary W. Alderson, Esquire, Elzufon, Austin & Mondell, Wilmington, Delaware, Attorney for Plaintiff Lynn J. Rogers.

Bradley P. Lehman, Esquire, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Wilmington, Delaware, Attorney for Defendants John F. Bushey and Milton Fire Department, Inc.

COOCH, R.J.

1

# I. INTRODUCTION

Lynn J. Rogers ("Plaintiff") filed a three-count claim in this Court in Sussex County against John F. Bushey ("Bushey") and Milton Fire Department, Inc. ("MFD") (collectively "Defendants") on February 15, 2017 originally alleging three causes of action: (1) defamation; (2) civil conspiracy; and (3) intentional infliction of emotional distress ("IIED"). Plaintiff filed a 177-paragraph amended complaint on April 24, 2017 adding a fourth due process claim against Defendants.[1] Plaintiff's claim stems from a decision of the Board of Directors of MFD ("the Board") on June 29, 2014 to revise Plaintiff's MFD membership, which he claims essentially "strip[ped] him of most of his rights and privileges as a Lifetime member and Chief Emeritus of MFD[,]" as well as additional acts causing other reputational injuries.

Defendants have moved to dismiss the amended complaint pursuant to Delaware Superior Court Rule 12(b)(6). Defendants' main argument is that all of the alleged events from which Plaintiff's claims are derived occurred outside of the applicable two-year statute of limitations, and should therefore be dismissed.

This Court concludes that Plaintiff's claims are barred by the two-year statute of limitations. The Court grants Defendants' motion to dismiss the amended complaint.

# II. FACTS AND PROCEDURAL HISTORY

Plaintiff sets forth voluminous facts in paragraphs 19 through 134 of his amended complaint. The Court in this section states only the essential facts for purposes of this motion and sets out further facts as needed in the "Discussion" section of this opinion.

As illustrative facts pled by Plaintiff, he has asserted that Plaintiff was a full member of MFD from 1969 until June 29, 2014. He had been MFD's Fire Chief from 1979 until approximately 2008. On June 29, 2014, the Board voted to enact a "revised status of membership" upon Plaintiff, which, he asserts, "effectively strip[ped] him of most of his rights and privileges as a [MFD member.]"[2] On three subsequent occasions, Plaintiff requested that the Board reinstate him. Plaintiff's first renewal request was on October 10, 2014, which the Board again denied by

---

[1] Pl.'s Am. Compl.
[2] *Id.*

2

unanimous vote on June 8, 2015.[3] Plaintiff again requested the Board to renew his membership on February 4, 2016 and then again on February 29, 2016, which was two days after Plaintiff's wife died. MFD "refused to consider these requests."[4]

Plaintiff alleges that certain MFD members, including Bushey, who is alleged to "ha[ve] control of and lead[] a portion of the MFD membership and heavily influence[] the actions of its Board[,]" "have publicly and privately cast aspersions upon [Plaintiff's] leadership and firefighting capabilities, his personal matters and business affairs, and his governmental and political involvement."[5] In October 2014, Bushey had sent letters to various local firefighter associations

> to inform them that [Plaintiff] had been placed on an inactive status of permanent honorary membership, and that while MFD understood that [Plaintiff] could be placed on [a]ssociation committees based on his past credentials and achievements within [these organizations], [Plaintiff] has no authority to directly represent the position of MFD in any matter considered under [the associations'] jurisdiction.[6]

Bushey and certain MFD members allegedly made numerous negative remarks about Plaintiff "to other MFD members, other members of the fire service, and members of the public at large; at the MFD station, at public functions, at fire service functions and meetings, and even while 'holding court' at a local restaurant."[7] Plaintiff alleges in his Amended Complaint that there were multiple examples of "animus towards" him as early as 2009 and continuing through 2012.[8]

When a former MFD member died in December 2015, Plaintiff was listed by the deceased as one of the desired pallbearers for the funeral. However, MFD informed Plaintiff "that MFD had a replacement pallbearer for [Plaintiff]."[9] Plaintiff nonetheless attended the funeral, served as a pallbearer, and wore his Class A firefighter uniform despite being told by MFD that he should wear a suit and tie.

---

[3] *Id.* at ¶ 133.
[4] *Id.* at ¶ 134.
[5] *Id.* at ¶ 17, 23; *see also* ¶ 153(e).
[6] *Id.* at ¶ 153(e).
[7] *Id.* at ¶ 24.
[8] *Id.* at ¶ 25, 32.
[9] *Id.* at ¶ 168.

Plaintiff brought suit on February 15, 2017.[10] Plaintiff then filed an Amended Complaint on April 24, 2017, which set out four causes of action: (1) due process; (2) defamation; (3) civil conspiracy; and (4) IIED.

Plaintiff later moved on October 20, 2017 to amend the trial scheduling order so that he could file a second Amended Complaint despite the fact that the deadline to amend the complaint had expired on July 11, 2017. Plaintiff wishes to amend his complaint again to add new facts and new causes of action that apparently have three-year statutes of limitations, as opposed to the two-year statute of limitations of the claims in his first Amended Complaint.[11] The new claims that Plaintiff wishes to assert are: breach of contract, promissory estoppel (in the alternative), breach of the duty of good faith and fair dealing, and breach of fiduciary duty.

## III. THE PARTIES' CONTENTIONS

### A.    Defendants' Contentions

Defendants move to dismiss for failure to state a claim, pursuant to Superior Court Civil Rule 12(b)(6), arguing primarily that Plaintiff's claims must be dismissed because they are barred by the applicable two-year statute of limitations.[12]

First, Defendants argue that Plaintiff's due process claim must be dismissed because "Plaintiff alleges no conduct that occurred within two years prior to the filing of his original Complaint on February 1[5], 2017."[13] Defendants contend that "[a]ll actions attributed to Defendants and complained of in Count I of Plaintiff's Amended Complaint are alleged to have happened between 2011 and 2014[,]" and that Plaintiff "cannot avoid the applicable statute of limitations by repeatedly renewing his request (through counsel, no less) that Defendants reconsider a decision that was made back in June 2014."[14]

Second, Defendants argue that Plaintiff's defamation claim must be dismissed because "no defamatory statement are alleged to have been made within the two

---

[10] The Court notes that Plaintiff was represented by other counsel in much of the time period prior to suit being filed.

[11] Pl.'s Mot. to Amend Compl. at 3.

[12] Def.s' Mot. at 3-7.

[13] *Id.* at 3.

[14] *Id.*

4

years immediately preceding the filing of Plaintiff's Complaint."[15] Defendants assert that "[t]he most recent allegedly defamatory statement complained of in Count II of Plaintiff's Amended Complaint is alleged to have been made in October 2014."[16]

Third, Defendants argue that Plaintiff's civil conspiracy claim should be dismissed because it "is not an independent cause of action and can only be maintained in parallel with an underlying tort or statutory violation."[17] Defendants claim that Plaintiff's civil conspiracy claim should dismissed in conjunction with the three other claims.

Fourth, Defendants argue that Plaintiff's IIED claim must be dismissed because it is barred by the two-year statute of limitations. Defendants assert that "the event that allegedly precipitated Plaintiff's IIED claim was MFD's June 29, 2014 decision to place Plaintiff on a revised status of membership. . . . [and] MFD's members in essence did nothing to reverse their June 2014 decision regarding his membership status after his wife passed away in 2016."[18] Defendants argue that "Plaintiff needed to file an IIED claim within two years after June 2014 and instead did nothing until the statutory period expired[.]"[19]

Also, Defendants argue that no tolling doctrine applies here to elude the expiration of the statute of limitations. Defendants assert that "Plaintiff has not pled any facts to support an inference that some tolling doctrine should apply to his IIED claim which arose from the June 2014 decision to change his membership status."[20] Defendants argue that Plaintiff cannot avoid the statute of limitations issue by simply renewing the request that MFD revisit its decision to place him on a revised status of membership and getting denied."[21]

---

[15] *Id.* at 5.
[16] *Id.* at 4.
[17] *Id.* at 5.
[18] *Id.* at 6.
[19] *Id.* at 7.
[20] *Id.*
[21] *Id.* at 6.

### B. Plaintiff's Contentions[22]

Plaintiff initially argues that none of his four claims are barred by the statute of limitations because the statute of limitations does not begin to run until a defendant's last act pursuant to the "continuing treatment doctrine." Plaintiff appears to draw an analogy between the facts here and a medical negligence action to argue that "it is the last act of [a] defendant which activates the running of the statute of limitations."[23] Plaintiff argues that "there has not been and there cannot be any 'final' action sufficient to toll the statute because the impermissible acts taken against Plaintiff are continuous in nature and have repeatedly been reenacted and reaffirmed."[24]

Plaintiff appears to apply the "continuing treatment doctrine" to the defamation and IIED claims as well by referring to "ongoing" conduct to argue that neither are barred by the statute of limitations.[25] Plaintiff also argues that the "discovery rule" applies to toll the statute of limitations as to the due process claim, stating

> tolling is not at issue here, except *possibly* as to Count I, where it could be argued that the statute began to run upon the discovery of facts "constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery" of such facts.[26]

However, at oral argument on October 18, 2017, Plaintiff conceded that tolling, in fact, did not apply to any of his claims. "THE COURT: The plaintiff is not arguing the applicability of any tolling doctrine to any of the four counts? [COUNSEL FOR PLAINTIFF]: . . . yes, that is correct."[27] Plaintiff, however, the

---

[22] Defendants and Plaintiff also argue the sufficiency of the pleading consistent with Superior Court Rule 8 and a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted. However, as Plaintiff's claims are barred by the statute of limitations, the Court need not reach the pleading issue.

[23] Pl.'s Resp. at 5 (citing *Benge v. Davis*, 553 A.2d 1180, 1185 (Del. 1989)).

[24] Pl.'s Resp. at 5.

[25] *Id.* at 6 ("The Complaint listed specific examples of the on-going nature of Defendants' libelous acts"); *id.* ("Plaintiff will not repeat the reasons set forth above as to why his claims for ongoing IIED remain viable.").

[26] Def.s' Supplemental Resp. at 5 (quoting *Coleman v. Pricewaterhousecoopers*, LLC, 854 A.2d 838, 842 (Del. 2004)) (emphasis added).

[27] Tr. of Oral Arg., October 18, 2017, at 28.

same day subsequently corrected his assertion that tolling is inapplicable to "any of the four counts" and maintains that tolling applies to his due process claim only.[28]

Plaintiff agrees with Defendants' argument that civil conspiracy is not an independent cause of action and that the other counts fail, then the civil conspiracy claim also fails.

## IV. STANDARD OF REVIEW

Upon a motion to dismiss under Superior Court Rule 12(b)(6), the Court "(i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances."[29] However, the Court will "ignore conclusory allegations that lack specific supporting factual allegations."[30]

## V. DISCUSSION

Plaintiff's amended complaint must be dismissed because each of his claims therein are barred by the statute of limitations. The civil conspiracy claim must also be dismissed as it is not an independent cause of action and there is no underlying wrongful act that can give rise to it.

    A.    *The Statute of Limitations is not Tolled with Respect to Plaintiff's Due Process Claim (Count I).*

Plaintiff's due process claim is dismissed because it is barred by the statute of limitations. The tolling doctrines of continuing treatment and the discovery rule do not apply here to circumvent the applicable statute of limitations. Delaware has a two-year statute of limitations for personal injury actions, including civil rights

---

[28] Pl.'s Letter to the Ct., October 18, 2017.

[29] *Turf Nation, Inc. v. UBU Sports, Inc.*, 2017 WL 4535970, at *5 (Del. Super. Ct. Oct. 11, 2017) (citing *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011)).

[30] *Id.* (quoting *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998)).

actions.[31] In *Winner Acceptance Corp. v. Return on Capital Corp.*, the Court of Chancery explained each party's burden of proof in a statute of limitations issue:

> In general, the defendant bears the burden of proving that a limitations period has lapsed and that a claim is time-barred. When a complaint asserts a cause of action that on its face accrued outside the statute of limitations, however, the plaintiff has the burden of pleading facts leading to a reasonable inference that one of the tolling doctrines adopted by Delaware courts applies.[32]

Plaintiff appears to argue that, because of Defendants' "ongoing" conduct, the statute of limitations is tolled. Plaintiff relies on the "continuing treatment doctrine" applicable to medical negligence claims for the proposition that "it is the last act of the defendant which activates the running of the statute of limitations."[33] Plaintiff also appears to rely on the June 8, 2015 Board decision to not reconsider its original June 29, 2014 decision to argue that his due process claim is not barred by the statute of limitations.

The "continuing treatment doctrine" does not apply here. The cases that Plaintiff cites are all medical negligence cases where the plaintiff suffered damages as a result of continuous negligent medical treatment or a condition brought about by a prior negligent act, whether or not the ongoing treatment was also negligent.[34] The Court does not find these cases analogous to the Board's decision on June 29, 2014 to revise Plaintiff's membership status and then subsequently to choose not to reconsider Plaintiff's multiple renewal requests. That the Board chose not to review its decision to revise Plaintiff's membership at the June 8, 2015 meeting does not implicate the "continuing treatment doctrine."[35] At oral argument, the Court pressed

---

[31] *Hall v. Yacucci*, 723 A.2d 839 (Del. 1998).

[32] *Winner Acceptance Corp. v. Return on Capital Corp.*, 2008 WL 5352063, at *14 (Del. Ch. Dec. 23, 2008).

[33] Pl.'s Resp. at 5 (citing *Benge v. Davis*, 553 A.2d 1180, 1185 (Del. 1989)).

[34] *Schwartzkopf v. Esham*, 2004 WL 772064 (Del. Super. Ct. Feb. 2, 2004), *aff'd*, 871 A.2d 1128 (Del. 2005) (regarding the ; *Benge v. Davis*, 553 A.2d 1180 (Del. 1989); *Oakes v. Gilday*, 351 A.2d 85 (Del. Super. Ct. 1976).

[35] Plaintiff conflates two separate concepts: the "continuing treatment doctrine" and the "doctrine of continuous negligent medical treatment." Nonetheless, neither tolling doctrine applies here. *See Benge*, 553 A.2d at 1183 (citations omitted):

> Under the continuing treatment doctrine, the statute of limitations begins to run at the end of a course of treatment for a condition brought about by a prior negligent act, whether or not the continuous treatment is also negligent. On the other hand, under the doctrine of continuous negligent medical treatment, the statute of limitations runs from the last act in a "continuum of negligent medical care related

8

Plaintiff on whether there were any recent events that could be pled within the statute of limitations, i.e. within the two-year period preceding the filing of the complaint on February 15, 2017.[36] However, Plaintiff has failed to identify a specific date for which a claim could be made occurring within two years of the filing of the complaint.

"The general rule in tort law is that in the case of a continuing tort and injury whose damages cannot be determined until the cessation of the wrong, the statute of limitations begins to run no earlier than the last date of the wrong."[37] The decision of the Board on June 8, 2015 to not revisit its original June 29, 2014 decision regarding Plaintiff's membership is not akin to the continuing harm contemplated by the "continuing treatment doctrine" because Plaintiff's alleged harm was determined on June 29, 2014 when his membership status was revised.

Delaware courts have found that "where suit can be brought immediately and complete and adequate relief is available, a cause of action cannot be tolled as a continuing violation."[38] Plaintiff learned of the Board's decision to revise his membership on June 29, 2014. It was on this date that Plaintiff had a potentially cognizable claim and that the statute of limitations began to run. Plaintiff's argument that the statute of limitations does not begin until the last act by Defendants, which are allegedly continuous and ongoing is not persuasive. Therefore, the "continuing treatment doctrine" does not toll the statute of limitations as to Plaintiff's due process claim.

Moreover, Plaintiff's apparent argument that the "discovery rule" may also toll the statute of limitations as to his due process claim is unavailing. Plaintiff argues that

> tolling is not at issue here, except *possibly* as to Count I, where it could be argued that the statute began to run upon the discovery of facts "constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary

---

> to a *single condition* occasioned by negligence." The difference between the two doctrines, for statute of limitation purposes, is that under the doctrine of continuous negligent medical treatment, the focus is limited to the last act in the negligent continuum, not the last act of any treatment.

[36] Tr. of Oral Arg., October 18, 2017, at 28-29
[37] *Oakes*, 351 A.2d at 87 (stating that "[t]he same rule applies in the case of a claim involving medical treatment.")
[38] *Kerns v. Dukes*, 2004 WL 766529, at *4 (Del. Ch. Apr. 2, 2004) (citing *Kahn v. Seaboard Corp.*, 625 A.2d 269, 271 (Del. Ch. 1993)).

intelligence and prudence on inquiry which, if pursued, would lead to the discovery" of such facts.[39]

The Delaware Supreme Court has held that

Generally, a cause of action arising in tort "accrues" at the time the tort is committed. . . . [T]he period of limitations normally begins to run at the time of the wrongful act. Ignorance of the cause of action will not toll the statute, absent concealment or fraud, or unless the injury is inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained of. In the latter circumstance, the statute of limitations begins to run upon the discovery of facts "constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery" of such facts. [40]

This "discovery rule" does not apply to toll the statute of limitations as to Plaintiff's due process claim because Plaintiff knew the facts "constituting the basis of a cause of action" on June 29, 2014 when his membership was revised. Furthermore, generally the "discovery rule" is applied "in cases claiming accounting and attorney malpractice, because of the special character of the relationship between the professional and the client, and the inability of a layperson to detect the professional's negligence."[41] Such is not the case here. As such, the "discovery rule" does not toll the statute of limitations here. Therefore, no tolling doctrine applies to Plaintiff's due process claim and it is barred by the applicable two-year statute of limitations.

> B.  *Plaintiff's Defamation (Count II) and IIED (Count IV) Claims Are Dismissed Because They Are Barred by the Two-Year Statute of Limitations.*

Plaintiff claims that events, which occurred more than two years prior to him bringing this suit, are a basis for defamation (Count II) and IIED (Count IV) claims. These two claims are barred by the applicable statute of limitations, and are therefore, dismissed.

---

[39] Def.s' Supplemental Resp. at 5 (quoting *Coleman*, 854 A.2d at 842) (emphasis added).
[40] *Coleman*, 854 A.2d at 842 (quoting *Becker v. Hamada, Inc.*, 455 A.2d 353, 356 (Del. 1982)) (footnotes omitted).
[41] *Coleman*, 854 A.2d at 842.

First, the statute of limitations in Delaware for defamation claims is two years.[42] A cause of action accrues at the time the tort is committed.[43] Plaintiff does not argue that a tolling doctrine applies to his defamation claim to avoid the statute of limitations.

Here, Plaintiff's most recent alleged conduct that might give rise to a defamation claim was Bushey's letters to local firefighter associations, which occurred in October 2014.[44] Plaintiff filed suit more than two years later on February 15, 2017. Therefore, Plaintiff's defamation claim is dismissed as it is barred by the applicable two-year statute of limitations.

Second, the statute of limitations in Delaware for an IIED claim is also two years.[45] A cause of action accrues at the time the tort is committed.[46] Plaintiff does not argue that a tolling doctrine applies to his IIED claim to avoid the statute of limitations.

Here, the event that caused this suit was the Board's decision to revise Plaintiff's membership, which occurred on June 29, 2014.[47] Delaware courts have held that "where suit can be brought immediately and complete and adequate relief is available, a cause of action cannot be tolled as a continuing violation."[48] Plaintiff learned of the Board's decision to revise his membership on June 29, 2014. Plaintiff failed to bring his IIED claim stemming from that event within two years. The fact that the Board chose not to reconsider its decision at the June 8, 2015 meeting does not restart the statute of limitations. Plaintiff could have brought a claim within two years after the June 29, 2014 vote, but did not.

Also, the Court will not consider an affidavit of John Hopkins, III, the President of MFD, which Defendants attached to their August 29, 2017 Motion for Reargument of Defendants' Motion to Stay Discovery Pending Resolution of

---

[42] *Naples v. New Castle Cty.*, 2015 WL 1478206, at *11 (Del. Super. Ct. Mar. 30, 2015), *aff'd,* 127 A.3d 399 (Del. 2015) (citing 10 Del. C. § 8119).
[43] *Boerger v. Heiman*, 965 A.2d 671, 674 (Del. 2009).
[44] *See* Pl.'s Am. Compl. at ¶ 153(e).
[45] *Lankford v. Scala*, 1995 WL 156220, at *5 (Del. Super. Ct. Feb. 28, 1995).
[46] *Boerger*, 965 A.2d at 674.
[47] Pl.'s Resp. at 8.
[48] *Kerns v. Dukes*, 2004 WL 766529, at *4 (Del. Ch. Apr. 2, 2004) (citing *Kahn v. Seaboard Corp.*, 625 A.2d 269, 271 (Del. Ch. 1993)).

Defendants' Motion to Dismiss.[49] The affidavit was attached to represent that the Board conducted no substantive review of Plaintiff's membership at the June 8, 2015 meeting and should therefore be considered irrelevant to the statute of limitations issue.[50] Plaintiff argues that the "facts" contained in this affidavit converts the motion to dismiss to a motion for summary judgment and requires additional discovery.[51] Defendants withdrew the affidavit at oral argument on October 18, 2017.[52] Accordingly, the Court will not consider the affidavit. Plaintiff's IIED claim is dismissed as it is barred by the applicable two-year statute of limitations.

### C.  Plaintiff's Civil Conspiracy (Count III) is Dismissed Because It Cannot Survive as an Independent Cause of Action.

Plaintiff's civil conspiracy claim is dismissed because the underlying tort and civil rights claims are dismissed. In Delaware, civil conspiracy is not an independent cause of action.[53] "Although the elements of a claim for civil conspiracy are flexible, it is essential that there be an underlying wrongful act, such as a tort or a statutory violation."[54] "An actionable tort must accompany any conspiracy in order for there to be a recovery."[55]

Here, both parties agree that civil conspiracy is not an independent cause of action that can survive without an underlying tort or statutory violation. Therefore, because Plaintiff's due process, defamation, and IIED claims, which comprise the basis of the civil conspiracy claim, will be dismissed, the civil conspiracy claim is also dismissed.

### D.  Plaintiff's Motion to Amend the Trial Scheduling Order is Denied Because Plaintiff Has Not Demonstrated "Good Cause."

Plaintiff seeks to amend the trial scheduling order so that he may amend his complaint for the second time. Plaintiff's motion to amend the trial scheduling order

---

[49] Def.s'Mot. for Rearg. at 1-2 (The Court had denied Defendants' Motion to Stay on August 22, 2017).

[50] *Id.* at 3-4.

[51] Pl.'s Resp. to Def.s' Mot. for Rearg. at 1-2.

[52] Tr. of Oral Arg., October 18, 2017, at 18 ("[COUNSEL FOR DEFENDANTS]: The [D]efendants' position is that the Court has not so far relied on the affidavit of Mr. Hopkins. The Court . . . is invited by the [D]efendants to disregard it[.]").

[53] *Szczerba v. Am. Cigarette Outlet, Inc.*, 2016 WL 1424561, at *2 (Del. Super. Ct. Apr. 1, 2016).

[54] *NACCO Indus., Inc. v. Applica Inc.*, 997 A.2d 1, 35 (Del. Ch. 2009).

[55] *Anderson v. Airco, Inc.*, 2004 WL 2827887, at *3 (Del. Super. Ct. Nov. 30, 2004).

so that he may again amend his complaint is denied because he has failed to show that "good cause" exists.

This Court will not modify the trial scheduling order except upon a showing of "good cause."[56] It is not sufficient merely to claim, as here, an absence of prejudice to the opposing party.[57] "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."[58] Plaintiff wishes to amend the trial scheduling order so that he may amend the complaint to add new causes of action and additional facts.[59] The new causes of action that Plaintiff seeks to add have three-year statutes of limitations instead of the two-year statutes of limitations of the claims in his current Amended Complaint.[60] The trial date is October 29, 2018. Among other reasons for denying this motion, allowing these new claims at this juncture might well jeopardize that trial date. Amending the trial scheduling order to add new claims with a possibly longer statute of limitations is not demonstrable "good cause." Notably, Plaintiff has not explained why the proposed new claims could not have been asserted prior to the deadline of July 11, 2017. Thus, Plaintiff's motion to amend the trial scheduling order is denied.

## VI. CONCLUSION

Plaintiff's due process, defamation, and IIED claims are all barred by the applicable two-year statute of limitations. While Plaintiff does not argue that a tolling doctrine applies to either his defamation or IIED claims, Plaintiff does argue that the statute of limitations of his due process claim is tolled. However, neither the "continuing treatment doctrine" nor the "discovery rule" applies here to toll the statute of limitations as to the due process claim. As such, due process, defamation, and IIED claims are all barred as outside the two-year statute of limitations.

Accordingly, Plaintiff's civil conspiracy claim is also dismissed because it is not an independent cause of action. Defendants' motion to dismiss is **GRANTED.** Plaintiff's motion to amend the trial scheduling order is **DENIED.**

---

[56] *Candlewood Timber Grp. LLC v. Pan Am. Energy LLC*, 2006 WL 258305, at *4 (Del. Super. Ct. Jan. 18, 2006).

[57] *Id.* ("[L]ack of prejudice to another party can, in appropriate cases, be a factor in the Court's determination of whether 'good cause' exists, but the Court's inquiry does not end with consideration of that one factor.").

[58] *Id.* (internal brackets and quotations marks omitted).

[59] Pl.'s Mot. to Amend Trial Scheduling Order at 3.

[60] *Id.*

**IT IS SO ORDERED.**

_____
Richard R. Cooch, J.

cc: Prothonotary

14