**Robert STANLEY t/a Bob Stanley's Texaco Service, Defendant Below, Appellant,**

**v.**

**HARVEY & KNOTTS, INC., a Delaware corporation, Plaintiff Below, Appellee.**

Superior Court of Delaware,
New Castle.

Aug. 17, 1971.

Jack B. Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant below, appellant.

Frederick Knecht, Jr., of Knecht, Greenstein & Berkowitz, Wilmington, for plaintiff below, appellee.

STIFTEL, President Judge.

The New Castle County Police brought a police car to Robert Stanley, trading

as Bob Stanley's Texaco Service, for examination because it was operating improperly. Robert Stanley found broken rear shock absorbers and torsion bars. He telephoned the New Castle County Police Headquarters to inform them of the trouble. The key was left in the car. All of a sudden, Robert saw the car moving away from the station down Route 13. Robert Stanley grabbed a customer's Cadillac and invited someone to go along with him to try to stop the car, which he considered a menace because of the broken torsion bars. He believed that if the car reached nearby Hare's Corner in its condition, a serious accident could result.

The Cadillac pulled alongside the purloined car and its passenger tried his best to motion the lady driver of the stolen car to move off the highway and stop. Robert Stanley said he would have crashed the Cadillac against the car to succeed in aborting her trip. The girl driver suddenly applied her brakes and the stolen car darted out into the center lane of traffic and was struck by an oncoming garbage truck owned by plaintiff Harvey & Knotts, Inc. The stolen car was traveling at a speed of 25 to 30 miles per hour when the Cadillac approached it. Later it was discovered that the girl driver had been a mental patient who had left State facility without permission.

In the Justice Court below, plaintiff claimed that Robert Stanley was negligent in allowing the key to remain in the parked police car, which resulted in the theft. The Justice of the Peace decided for the plaintiff and awarded Harvey & Knotts, Inc. $839.45.

■ I cannot agree with the Justice. No proximate cause was shown. This is not a case of the stolen car owner suing Robert Stanley for damages growing out of a theft of a car due to his negligence. This is a case of a third party suing Robert Stanley for the negligent driving of a third party, not caused by Robert Stanley. Robert Stanley cannot be held for her poor driving. The proximate result of an auto theft is not a negligent operation of the stolen automobile by the thief. See Anno: 51 A.L.R. 633 and Later Case Service. A decision must be rendered for defendant Robert Stanley on the appealed case.

■ At the trial, the Judge asked questions that referred to the action of Robert Stanley in trying to stop the stolen police car and whether or not his action could be considered negligent under the circumstances. These questions resulted in the parties agreeing to an amendment of the complaint which permitted an action based on negligence of the pursuing service station driver as a cause of plaintiff's car damage.

Robert Stanley was deeply concerned when the police car disappeared. He pursued it not only because he wanted to retrieve the car but also because he was afraid that it might get into a very serious accident because of its mechanical defects. He was confronted with an emergency situation. On reflection, unquestionably, based on testimony by a State Police Officer, it would have been far better had he called the State Police. The State Police Officer stated that he would have been on the scene momentarily because he happened to be in the area. But Robert Stanley certainly did not know how long it would take a police car to respond. He saw the vehicle pulling away from the station and thought he could stop it in time to avoid a serious situation. Under the circumstances, I cannot say that Robert Stanley was negligent in pursuing the car. He was an experienced driver. He did not know that the driver of the stolen car was an erratic person. The stolen car was moving at a slow rate of speed at the time and he took what he considered was a reasonable risk to prevent possible serious repercussions if he allowed the car to go on. There is no indication that if the State Police had tried to stop this car in its poor mechanical condition, with an erratic driver at the helm, that something similar or even worse may not have occurred.

Under the facts and circumstances of the amended complaint, I am not convinced by a preponderance of the evidence that Robert Stanley was negligent.

I decide, therefore, in favor of the defendant below.

It is so ordered.