Frank J. VADALA, Jr. and Winifred L. Vadala, his wife, Plaintiffs,

v.

HENKELS & McCOY, INC., a Delaware Corporation, Defendant.

Superior Court of Delaware, New Castle County.

Submitted Dec. 28, 1978.

Decided Jan. 24, 1979.

Stephen B. Potter, of Potter & Carmine, P. A., Wilmington, for plaintiffs.

Richard W. Pell, of Tybout & Redfearn, P. A., Wilmington, for defendant.

WALSH, Judge.

This personal injury action arises out of a vehicular collision which occurred on August 21, 1976, involving plaintiff, Frank J. Vadala and Gary Beatson, an employee of defendant, Henkels & McCoy, Inc. At the time of the accident Beatson was operating a dump truck which he had taken, without authorization, from his employer's storage yard. The yard is surrounded by a cyclone fence which is approximately six feet in height and is topped with barbed wire. Beatson gained access to the yard by cutting a gate lock. The key to the truck was in the ignition.

Beatson testified by deposition that before he could cut completely through the lock it became necessary to replace the blade in his hacksaw. While he was so doing, another employee of Henkels & McCoy, Sloan, appeared on the scene, exchanged pleasantries with Beatson, opened the lock, completed his business inside the yard, replaced the lock and left. He was aware that Beatson had been drinking. Following this interruption, Beatson completed sawing the lock. Later that evening, Sloan mentioned to his father, a superintendent for Henkels & McCoy, that someone had apparently been tampering with the lock. Henkels & McCoy has moved for summary judgment on the ground that Beatson's actions were admittedly outside the scope of his employment and there is no legal basis for the assertion of direct evidence against it.

■ The Complaint in this case was filed on March 8, 1977. On December 7, 1978, more than two years after the accident, plaintiff amended the Complaint by adding the following paragraphs to the original allegation of negligence:

"5. Henkels & McCoy, Inc., was negligent in that it:

(b) Permitted the keys to remain in the ignition of unlocked and unattended motor vehicles which it owned;

(c) Failed to take adequate precautions to insure that these unattended vehicles, with the keys in their ignition would not be removed;

(d) Failed to remove the keys from the vehicles or alternatively take adequate security measures to secure the vehicles after it had knowledge that the gate and lock to the yard in which the vehicles were parked had been tampered with;

(e) Failed to act reasonably under the circumstances surrounding the alleged theft in that it omitted to take reasonable precautions to secure the premises and prevent the removal of vehicles left unlocked and parked with keys in their ignition."

Defendant first contends that the amendment may not relate back to the date of filing of the original Complaint for purposes of applying the statute of limitations. Superior Court Civil Rule 15(c) addresses this issue:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The rationale of Rule 15(c) was explained in *Oakes v. Gilday,* Del.Super., 351 A.2d 85 (1976), wherein this Court recited the following language from 6 Wright & Miller, *Federal Practice & Procedure* § 1497:

"The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading.

Thus, an amendment may set forth a different statute as the basis of the claim, or change a common law claim to a statutory claim or vice-versa, or shift from a contract theory to a tort theory, or delete a negligence count and add or substitute a claim based on warranty, or change an allegation of negligence in manufacture to continuing negligence in advertising."

Clearly, the allegations of negligence set forth in the amended Complaint arise out of the same "conduct, transaction, or occur-

rence" as those assertions of negligence which were made in the original Complaint.[1] Defendant has, from the outset, had notice of the factual situation upon which the amended Complaint is based. There has been no indication that defendant would be prejudiced by permitting the amendment to relate back. Accordingly, the amended Complaint may relate back to the date of filing of the original Complaint and is deemed properly filed.

Turning to the merits of defendant's attack on the amended Complaint, considerable decisional disagreement exists concerning the liability of one who occasions the taking of his motor vehicle by failing to remove the key from the ignition. The traditional approach, absent unusual circumstances, has been to deny relief to the injured plaintiff either by holding that the vehicle owner owes no duty to a victim injured by a thief, or that vehicle theft constitutes an unforeseeable intervening criminal act which breaks the chain of causation between the negligence of the vehicle owner and the injuries of the plaintiff. See *Vining v. Avis Rent-A-Car Systems, Inc.,* Fla.Supr., 354 So.2d 54 (1977) and cases cited therein; Anno.: 45 A.L.R.3d 787 (1972). However, in light of recent empirical data indicating the risk to others involved in leaving ignition keys in unattended vehicles,[2] several jurisdictions have held that a legal duty may exist under circumstances where the defendant should reasonably have anticipated that its conduct would create an unreasonably enhanced danger to one in the position of the injured plaintiff. *Hill v. Yaskin,* N.J.Supr., 75 N.J. 139, 380 A.2d 1107 (1977); *Vining v. Avis Rent-A-Car Systems, Inc., supra;* St. Farm M. Auto. Ins. v. Grain Belt Brew., Minn. Supr., 245 N.W.2d 186 (1976). If such danger is foreseeable, then "a duty arises toward the members of the public using the highways, its breach is negligence, and the injury is the proximate result of the breach, or so a jury should be permitted to find." *Hill v. Yaskin, supra,* 380 A.2d at 1110.

In Delaware, questions of foreseeability of a particular risk, the reasonableness of defendant's conduct and whether or not an intervening cause is normal or abnormal are, ordinarily, reserved to the trier of fact. *Hercules Powder Company v. DiSabatino,* Del.Supr., 188 A.2d 529 (1963). Only where there can be no reasonable difference of opinion as to the conclusion to be reached on such questions, should they be determined by the Court as a matter of law.

There are several factors in this case which could support a finding of an enhanced potentiality of foreseeable risk sufficient to impose a legal duty to third persons. Viewing the facts from a perspective which favors the non-movant, the circumstances disclosed are: (a) the vehicle in question is of a type which may attract potential intermeddlers who are unlikely to have the necessary knowledge and skill to operate it safely; (b) this vehicle is capable of inflicting more serious injury and damage than an ordinary vehicle when not properly controlled; (c) no security measures were taken after it became evident that the lock which secures the gate to the truck yard had been partially cut and an intoxicated individual was loitering nearby; (d) the fence which surrounds the truck yard had been cut several times previously coincident with the theft of small items from the yard. These facts, and the inference which flow from them, could properly lead a jury to conclude that plaintiff's injury was caused by the negligence of the defendant.

Regarding defendant's argument that its conduct is not the proximate cause of plaintiff's injury because of the interven-

---

1. The original Complaint alleged a violation of 21 *Del.C.* § 4182, which prohibits the leaving of an unattended vehicle on a public highway without locking the ignition and removing the key. Plaintiff has tacitly abandoned this allegation.

2. The New Jersey Supreme Court in *Hill v. Yaskin,* N.J.Supr., 75 N.J. 139, 380 A.2d 1107 (1977), refers to a study conducted by the Law Enforcement Assistance Administration which indicates that the accident rate for stolen cars is 47 times greater than the rate for the general public.

tion of a criminal act, the applicable rule is that "[i]f, at the time of the negligence, the criminal act might reasonably have been foreseen, the causal chain is not broken by the intervention of such act." *Torrack v. Corpamerica, Inc.,* Del.Super., 144 A.2d 703, 704 (1958). Cf. *Stanley v. Harvey & Knotts, Inc.,* Del.Super., 281 A.2d 509 (1971). Moreover, there is a reluctance to resolve disputes concerning proximate cause through summary judgment where the defendant has created the situation acted upon by another force to bring about the resultant injury. See Anno.: 45 A.L.R.3d 787 fns. 16, 17 (1972).

The motion for summary judgment is denied.

IT IS SO ORDERED.