**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

NOEL EASON PRIMOS
JUDGE

KENT COUNTY COURT HOUSE
38 THE GREEN
DOVER, DELAWARE 19901
(302) 739-5331

February 18, 2019

Scott E. Chambers, Esq.
Schmittinger & Rodriguez, P.A.
414 S. State Street
Dover, DE 19901

Thomas J. Gerard, Esq.
Marshall Dennehey Warner
  Coleman & Goggin
P.O. Box 8888
Wilmington, DE 19899

RE:   *Munoz, et al. v. Vazquez-Cifuentez, et al.*
      C.A. No. K18C-09-009 NEP

Submitted: February 1, 2019
Decided: February 18, 2019

Dear Mr. Chambers and Mr. Gerard:

Before the Court is the motion of Defendant Elizabeth Paz Villafuerte (hereinafter "Villafuerte"), to dismiss the Complaint asserted by Plaintiffs Raymond O. Munoz and Amneris N. Munoz (hereinafter "Plaintiffs"). In their Complaint, Plaintiffs brought claims against Villafuerte for (1) Vicarious Liability and (2) Negligent Entrustment. Oral argument was held on February 1, 2019. For the reasons stated herein, Villafuerte's Motion to Dismiss will be deferred to allow limited jurisdictional discovery as further explained below.

**Factual and Procedural Background**

The facts recited here are those as admitted or alleged by Plaintiffs in their Complaint.[1]

---

[1] On a motion to dismiss, all well-pleaded factual allegations are accepted as true. *Savor, Inc. v. FMR Corp.,* 812 A.2d 894, 896 (Del. 2002).

Plaintiffs Raymond Munoz and Amneris Munoz are husband and wife and reside in Milford, Delaware. Defendant Isai Vazquez-Cifuentez is a resident of Maryland, as is Defendant Elizabeth Villafuerte.

On July 22, 2018, Plaintiff Raymond Munoz was struck by a vehicle driven by Defendant Vazquez-Cifuentez (hereinafter "Vazquez-Cifuentez") on County Seat Highway, U.S. 9, near Georgetown, Delaware. The vehicle, a 2005 Chevrolet van, was owned and registered to Villafuerte. Plaintiff alleges that his tow truck had become disabled and that he was lawfully walking on the shoulder of U.S. Route 9, in order to obtain assistance, before being struck by the vehicle. Vazquez-Cifuentez then allegedly fled the scene of the accident.

Plaintiffs filed the instant action on September 8, 2018. Plaintiffs' Complaint alleges negligence against Vazquez-Cifuentez, as well as vicarious liability and negligent entrustment against Villafuerte. Plaintiffs allege that the accident was proximately caused by Vazquez-Cifuentez. As to the vicarious liability claim, Plaintiffs allege that Vazquez-Cifuentez was "acting as the agent, servant or employee of Villafuerte." As to the negligent entrustment claim, Plaintiffs allege that Vazquez-Cifuentez was operating Villafuerte's vehicle "with her full knowledge and consent" and that "Villafuerte knew, or in the exercise of reasonable care should have known, that [Vazquez-Cifuentez] was so reckless or incompetent that his use of her vehicle would be dangerous."

In support of her Motion, Villafuerte has submitted an undated, un-notarized "Vehicle Theft Affidavit," claiming that her "significant other," Marco Antonio Padilla, took her vehicle to a friend's house, became involved in drinking, and left the van and the keys there, from which Vazquez-Cifuentez took the van without permission and became involved in the accident in question. Villafuerte has also submitted a copy of a criminal complaint filed by her with the District Court of Maryland against Vazquez-Cifuentez on September 6, 2018, several weeks after

2

the accident, containing similar allegations. Villafuerte asserts that Vazquez-Cifuentez did not have permission to drive or operate her vehicle and that she does not possess the requisite "minimum contacts" in order to anticipate being haled into court in Delaware. Villafuerte argues that Plaintiffs have not alleged any facts to establish that she conducted any activity within the State of Delaware or any facts to establish that Vazquez-Cifuentez was acting as her agent, servant or employee. Thus, Villafuerte argues that the motion must be dismissed for lack of personal jurisdiction pursuant to Superior Court Civil Rule 12(b)(2).

Villafuerte's motion raises two questions: (1) have the Plaintiffs established personal jurisdiction over Villafuerte and (2) if the Plaintiffs have not done so, should this Court, nevertheless, allow the Plaintiffs limited jurisdictional discovery in order to help them establish a basis for jurisdiction? This Court answers the first question in the negative and the second question in the affirmative.

## Discussion

On a motion to dismiss, the moving party bears the burden of demonstrating that "there are no material issues of fact and that he is entitled to judgment as a matter of law."[2] Upon this Court's review of a motion to dismiss, "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[3]

As a general rule, when, prior to discovery, a non-resident defendant files a motion to dismiss a complaint based upon lack of personal jurisdiction under Superior Court Civil Rule 12(b)(2), it is the plaintiff's burden to demonstrate that

---

[2] *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000).
[3] *Savor*, 812 A.2d at 896–97.

3

there is a basis for the court to exercise jurisdiction over the non-resident defendant.[4] This burden, however, is met by a threshold *prima facie* showing that jurisdiction is conferred by statute.[5] In assessing whether this Court can exercise personal jurisdiction in a motion to dismiss, the Court may consider extra-pleading material, such as affidavits and briefs of the parties, to supplement the Complaint and aid in establishing jurisdiction.[6] "All allegations of fact concerning personal jurisdiction are presumed true unless contradicted by affidavit."[7] The record is to be construed in the light most favorable to the plaintiff.[8]

The existence of personal jurisdiction depends upon the application of two independent considerations: (1) whether Delaware's long-arm statute, 10 *Del. C.* § 3104(c), is applicable, and (2) whether the exercise of jurisdiction would violate constitutional due process.[9]

## A. 10 *Del. C.* § 3104(c), Delaware's Long-Arm Statute

Looking to Delaware's long-arm statute first, a court may exercise personal jurisdiction over a non-resident who:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;

---

[4] *Brewer v. Peak Performance Nutrients Inc.*, 2012 WL 3861169, at *1 (Del. Super. Aug. 16, 2012); *Wright v. American Home Products Corp.*, 768 A.2d 518, 526 (Del. Super. 2000); *Aeroglobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 437 (Del. 2005).

[5] *Finkbiner v. Mullins*, 532 A.2d 609, 612 (Del. Super. 1987); *see also Greenly v. Davis*, 486 A.2d 669, 670 (Del. 1984) (in considering motion to dismiss based on personal jurisdiction, record must be viewed in light most favorable to plaintiff and all reasonable inferences to be considered most strongly in favor of plaintiff).

[6] *Hart Holding Co. Inc. v. Drexel Burnham Lambert Inc.*, 593 A.2d 535, 538-39 (Del. Ch. Feb. 13, 1991); *In re Talc Prod. Liab. Litig.*, 2018 WL 4340012, at *5-6 (Del. Super. Sept. 10, 2018).

[7] *Yu v. GSM Nation, LLC*, 2018 WL 2272708, at *5 (Del. Super. Apr. 24, 2018) (citing *Hart*, 593 A.2d at 538-39).

[8] *Brewer*, 2012 WL 3861169, at *1.

[9] *Hercules Inc. v. Leu Trust and Banking Ltd.*, 611 A.2d 476, 483 (Del. 1992).

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.[10]

The long-arm statute holds that any non-resident who commits certain acts or causes certain injuries in Delaware is subject to Delaware's jurisdiction. Delaware's long-arm statute is to be "broadly construed to confer jurisdiction to the maximum extent possible under the Due Process Clause."[11] Additionally, Delaware's long-arm statute is a "single act" statute, meaning that jurisdiction may be enforced on a non-resident defendant who meets one of the criteria above and engages in a single transaction in the forum state.[12]

In this case, it is undisputed that Villafuerte is a Maryland resident. She holds a Maryland driver's license, her vehicle is registered in Maryland, and she drives her vehicle in Maryland. Moreover, there are no allegations that Villafuerte transacts any business in Delaware. Thus, the only potential category above that could apply to the facts at hand is Section 3104(c)(3), *i.e.,* causing a tortious injury in Delaware by an act or omission in Delaware. Plaintiffs proffer two potential bases for a finding of personal jurisdiction under Section 3104(c)(3): (1) that

---

[10] 10 *Del. C.* § 3104(c).

[11] *Hercules*, 611 A.2d at 480. *See also Boone v. Oy Partek Ab*, 724 A.2d 1150, 1157 (Del. Super. 1997) (noting that only limit placed on § 3104 is that it "remain within the constraints of the Due Process Clause"); *Tell v. Roman Catholic Bishops of Diocese of Allentown*, 2010 WL 1691199, at *8 (Del. Super. Apr. 26, 2010).

[12] *Uribe v. Maryland Auto. Ins. Fund*, 115 A.3d 1216, at *2 (Del. 2015) (TABLE); *see also Tri-State Motor Transit Co. v. Intermodal Transp., Inc.*, 1991 WL 1772907, at *6 (Del. Super. June 3, 1991) ("In the present case, the single, direct, specific contact which is enough to allow jurisdiction in the Delaware courts is clear; the tort occurred in Delaware.").

Vasquez-Cifuentez committed the tortious conduct causing injury in Delaware while acting as the agent, servant or employee of Villafuerte, and (2) that Villafuerte was independently negligent either by entrusting her vehicle to Vazquez-Cifuentez or by failing to secure her vehicle against theft.[13]

Looking to the agency argument first, as a general rule, mere ownership of a vehicle at the time of an accident caused by the negligent operation of another individual will not necessarily subject the owner of the vehicle to liability.[14] Rather, in order to "…render the owner liable, there must be some duty on the part of the owner to the plaintiff, a failure to perform such duty and resulting injuries."[15] In essence, the Court must find that the owner possessed some sort of control over the driver at the time of the accident.[16]

Under the principle of *respondeat superior*, "…an owner of a motor vehicle is liable for the negligent operation of that vehicle by his agent or servant who at the time of the accident was engaged in the master's business or pleasure with the master's knowledge and direction."[17] In the absence of an agency relationship, an owner cannot be found liable for injuries that are caused by another's negligent operation of the owner's vehicle.[18] "The rationale…is that an automobile is not such a dangerous instrumentality that its mere use will impose liability upon the

---

[13] The Court does not see any other possible scenario for establishing jurisdiction apart from the two arguments proffered by Plaintiffs. The Court cautions that neither argument appears well-founded based upon the record; however, the Court notes the lower pleading standard and that Plaintiffs must simply create a plausible argument that could support jurisdiction.

[14] *Finkbiner*, 532 A.2d at 615 (citing 6 F. Lewis, *Blashfield Automobile Law and Practice* § 254.4 (3rd ed. 1966)).

[15] *Finkbiner*, 532 A.2d at 615.

[16] *Id.*

[17] *Id.*

[18] *Id.* citing *Smith v. Callahan*, 144 A.46 (Del. Super. 1928) (father found not liable for son's negligent operation of automobile owned by father and permitted by him to be used by his family when son is alone and in pursuit of his own pleasure).

6

owner for injuries caused by another irrespective of the relationship of master and servant or principal and agent."[19]

Plaintiffs contend that because the car accident took place in Delaware, the Delaware courts have jurisdiction pursuant to 10 *Del. C.* § 3104(c)(3). Plaintiffs assert that Vazquez-Cifuentez was acting as the agent, servant or employee of Villafuerte at the time of the accident and, thus, Vazquez-Cifuentez's tortious conduct caused injuries in Delaware for which Villafuerte is vicariously liable.

Here, upon a careful review of the arguments and submissions of the parties, the Court does not find any affirmative evidence of an agency or master-servant relationship between the non-resident owner of the vehicle (Villafuerte) and the driver of the vehicle (Vazquez-Cifuentez). While Villafuerte did not explicitly deny an agency relationship in the affidavit, as demanded in Plaintiffs' Complaint, Villafuerte did state in the affidavit submitted with her motion that Vazquez-Cifuentez did not have her permission to drive her vehicle at the time of the accident. Indeed, the Court finds the possibility tenuous, at best, that such a relationship existed between Villafuerte and Vazquez-Cifuentez.

Nevertheless, it is Plaintiffs' allegations of fact which must be accepted as true, and Plaintiffs have called into question Villafuerte's affidavit and statement, noting that the affidavit is not dated or notarized and that she did not report the theft until September 6, 2018, over six weeks after the accident. While these abnormalities do not automatically confer jurisdiction upon Villafuerte under the long-arm statute or equate to a finding that Vazquez-Cifuentez was acting as the agent, servant or employee of Villafuerte, they do call into question the veracity of the statements made. Thus, while the Plaintiffs undoubtedly could have more clearly articulated their theory of jurisdiction and provided more detailed

---

[19] *Id.* citing *Smith v. Callahan*, 144 A. at 50.

7

allegations in support of that theory, failing to do so will not automatically bar their suit, as their Complaint at least advances a theory that could support jurisdiction.

Turning to Plaintiff's negligent entrustment claim, an individual may be liable for negligent entrustment of an automobile if that person entrusts his or her vehicle to another individual who is "so reckless or incompetent that in his hands the motor vehicle becomes a dangerous instrumentality."[20] In the case of negligent entrustment, as alleged here, the owner is liable if he or she knows or has reason to believe at the time of the entrustment that the driver is incompetent.[21] In addition, "[v]ehicle owners have a duty to third parties to secure their property against theft. This duty is predicated on the foreseeability that stolen vehicles will be involved in accidents."[22]

Here, there is an issue of fact as to whether Villafuerte was negligent in protecting her vehicle from theft. According to Villafuerte's own submitted documents, her "significant other," Mr. Padilla, returned to their home without her vehicle or its keys over 17 hours before the accident occurred in Delaware, but Villafuerte took no action. Moreover, while the documents submitted by Villafuerte assert that she did not entrust her vehicle to Vasquez-Cifuentez, the circumstances surrounding her reporting the allege theft call into question this assertion.

Faced with a challenge to personal jurisdiction, plaintiffs are entitled to discovery if their assertion of jurisdiction is minimally plausible: "If the facts alleged in the complaint are insufficient to establish personal jurisdiction over the defendants, then the trial court may allow the plaintiff to complete discovery in order to establish jurisdiction over [the] defendant as long as plaintiff's claim of

---

[20] 6 F. Lewis, *Blashfield Automobile Law and Practice* § 254.22.

[21] *Id.*; *see Restatement (Second) of Torts* § 390 (1965).

[22] *Robbins v. William H. Porter, Inc.*, 2006 WL 1313858, at *1 (Del. Super. Apr. 19, 2006) (citing *Vadala v. Henkels & McCoy, Inc.*, 397 A.2d 1381, 1383 (Del. Super. 1979)).

8

personal jurisdiction is not frivolous."[23] Here, the Court finds that Plaintiffs' assertions of jurisdiction are at least minimally plausible, and that Plaintiffs are therefore entitled to limited discovery to aid in mounting proof for those assertions. However, Plaintiffs are reminded that any discovery on this issue must not be overly broad, *i.e.*, it must be reasonably calculated to lead to the discovery of evidence pertinent to Villafuerte's pending Rule 12(b)(2) motion.[24]

## B. Constitutional Due Process

Having determined that jurisdiction is at least minimally plausible under Delaware's long-arm statute, the question remains whether exercising personal jurisdiction over Villafuerte is consistent with the Due Process Clause of the Fourteenth Amendment.

In order for a court to exercise personal jurisdiction, the defendant must have sufficient "minimum contacts" with the state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[25] Among the factors to be considered are the burden on the defendant, the forum State's interest in adjudicating the dispute, and the plaintiff's interest in obtaining convenient and effective relief.[26] Under this analysis, the question is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."[27] Thus, an individual is subject

---

[23] *Benerofe v. Cha*, 1996 WL 535405, at *3 (Del. Ch. Sept. 12, 1996) (citing *Hart*, 593 A.2d at 538). *See also In re Asbestos Litig.*, 2016 WL 7404547, at *2 (Del. Super. Oct. 17, 2016) (while plaintiffs "may not ordinarily be precluded from reasonable discovery in aid of" their attempt to prove that defendant is subject to jurisdiction of court, plaintiffs are not entitled to jurisdictional discovery where their assertion of personal jurisdiction "lacks[s] th[e] minimal level of plausibility needed to permit discovery to go forward.").

[24] *Hart*, 593 A.2d at 543.

[25] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted)).

[26] *Id.* (quoting *Int'l Shoe Co.*, 326 U.S. at 317).

[27] *Id.*

to personal jurisdiction in a state where he/she "purposefully avails [themselves] of the privilege of conducting activities within the forum State."[28]

Given the open questions noted above, and particularly the circumstances surrounding Villafuerte's reporting of the alleged theft, the Court finds that allowing the limited discovery noted above to go forward would not offend principles of due process. Accordingly, the Court will reserve its analysis of whether Villafuerte possesses sufficient "minimum contacts" with this State until such time as the parties have concluded their permitted limited discovery.

## Conclusion

**WHEREFORE,** for the foregoing reasons, decision on Villafuerte's Motion to Dismiss is **DEFERRED**. Plaintiffs are allowed ninety days from the date of this decision to conduct limited discovery on the issue of personal jurisdiction. Following that ninety-day period, Villafuerte may re-notice her Motion for one of the Court's regular motion days, if appropriate.

**IT IS SO ORDERED.**

_____/s/ Noel Eason Primos_____
Judge

NEP/dsc
*Via File & ServeXpress*
oc:    Prothonotary

---

[28] *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

10