# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MEGAN CARROLL,        )
       )
       Plaintiff,        )
       )
       v.        )      C.A. No.: N22C-08-459 CEB
       )
CHRISTIAN BENNETT, CRAIG        )
BENNETT, FOREWINDS GARRISONS        )
LAKE, LLC, FOREWINDS        )
HOSPITALITY LLC, and USAA        )
GENERAL INDEMNITY COMPANY,        )
       )
       )
       Defendants.        )

Submitted: March 22, 2024
Decided: June 4, 2024

## MEMORANDUM OPINION

*Upon Defendants' Forewinds Garrisons Lake, LLC and Forewinds Hospitality, LLC Motion for Summary Judgment*
**GRANTED.**

Gregory V. Daulton, Esquire, MARIN & GREGORY, LLC, Wilmington, Delaware. Attorney for the Plaintiff.

Paul D. Sunshine, Esquire, and Martin D. Page, Esquire, REGER, RIZZO & DARNALL, LLP, Wilmington, Delaware. Attorneys for the Defendants.

**BUTLER, R.J.**

Defendants Forewinds Garrisons Lake, LLC and Forewinds Hospitality, LLC ("Forewinds" or "Defendant") is a contractor for the State of Delaware, operating a golf facility at Garrisons Lake in Smyrna, Delaware. Among the amenities offered at the golf course are golf carts, which are used by the golfers and kept locked in a pen overnight.

When golfers finish their round, they pull the cart up to a queue near the pro shop and attendants remove the carts for routine service as they are able. The carts therefore may sit for a while, with the key in them, waiting for the attendant.

On June 17, two individuals jumped into one of these unattended carts and made away with it. They were pursued by employees in a different cart, whereupon the would-be thieves bailed out of the cart and ran on foot. The salient facts about this incident are that 1) it was the first case of an attempted theft of a golf cart at Garrison's Lake, 2) it was an unattended cart taken in the daylight hours, and 3) the key that was in the cart when taken was gone when the employees retrieved the cart.

Then on the night of June 27-28, two carts were stolen. One was the "range picker" – a special cart that was parked adjacent to the driving range. The other was Cart No. 36, which will figure into this case shortly. Cart No. 36 was stored in a locked, chained and fenced pen. All keys for the carts were locked separately in the pro shop, but the cart key from the June 17 attempted theft was still unrecovered.

And keys for all of the carts are universal by manufacturer and could even be purchased on Amazon. The master lock securing the pen was cut and the hinges on the fence were bent just enough to allow Cart No. 36 to be removed. So far as the record shows, this was the first theft of a cart from inside the locked pen.

Cart No. 36 appeared at a residence in a nearby neighborhood the next day, on the afternoon of June 29. Exactly how it got there, there is no record. But Plaintiff Megan Carroll wanted a ride in it. Christian Bennett – a high school freshman – drove her and tipped the cart over, causing injury to Ms. Carroll.

Cart No. 36 was gone from the accident scene when help arrived to assist Ms. Carroll on June 29. Again, no record how. Eventually, after yet another golf cart theft from the closed pen on July 28 – this time accomplished by simply driving a cart through and smashing the gate – Brady Iddons came to the Garrison's Lake pro shop for the purpose of confessing that he was the thief. Iddons was prosecuted in Family Court for the theft(s).

Ms. Carroll sued Forewinds and Christian Bennett for her injuries, claiming negligence by both as the proximate cause. After discovery, Forewinds has moved for summary judgment.

## ANALYSIS

The motion requires consideration of the law of stolen vehicles, the foreseeability of thefts and the duty, if any, owed by vehicle owners to protect others from harm caused by a potential vehicle thief.

The leading Delaware decision in this area is *Vadala v. Henkels & McCoy, Inc.*,[1] a case in which an inebriated employee of Henkels & McCoy cut the lock of a fenced, barb wired, storage yard and took a Henkels & McCoy dump truck that was stored there with the keys in the ignition. He then drove the dump truck off the yard and injured another motorist in an accident.

The *Vadala* Court noted "considerable decisional disagreement" in cases involving "the liability of one who occasions the taking of his motor vehicle by failing to remove the key from the ignition."[2] The Court said that in determining the foreseeability of the risk of harm sufficient to impose a duty to third persons, the Court should consider: 1) whether the vehicle is of a type that might attract potential thieves who may not know how to operate the vehicle (such as a dump truck), 2) if the vehicle is capable of inflicting more injury than the "ordinary" vehicle (such as a dump truck), 3) what other security measures were taken (such as taking the keys out) and 4) whether the storage yard had been victimized previously by thefts, making

---

[1] 397 A.2d 1381 (Del. Super. 1979).
[2] *Id.* at 1383.

such acts foreseeable.[3]  In light of these factors, the Court denied summary judgment in order to let a jury decide the question.

The Court said, "questions of foreseeability of a particular risk, the reasonableness of the defendant's conduct and whether or not an intervening cause is normal or abnormal are, ordinarily, reserved to the trier of fact."[4]  As a result, summary judgment should only be granted where there can be "no reasonable difference of opinion as to the conclusion to be reached."[5]

A second thoughtful discussion of the foreseeability of vehicle thieves can be found in *Jewell v. Absher*.[6] Absher was a sometimes mechanic for Jefferson, who owned a car lot.  Knowing where Jefferson kept the keys, Absher helped himself to a vehicle on a back lot, without Jefferson's knowledge or consent.  After driving it for about 2 weeks, Absher got drunk and, with Jewell in the car, wrecked it, with tragic consequences for Jewell.

The Court granted summary judgment for Jefferson.  Looking to *Vadala*, the Court said that a car thief may be seen as an unforeseen risk, the car owner therefore owing no duty to a plaintiff injured by the thief. The Court said, "simply leaving one's keys in the ignition of a vehicle sitting on private property is not enough to impose a

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] 2002 WL 970464 (Del. Super. Apr. 18, 2002).

duty on the owner."[7]  Rather, the plaintiff must show "unusual circumstances" surrounding the theft that would render it foreseeable to the owner.[8]

Thus, the pleadings here represent the parties' attempts to show how ordinary – or extraordinary – this case is from other, "ordinary" thieves who steal vehicles and wreck them causing mayhem.

In Plaintiff's view, "Vehicle owners have a duty to third parties to secure their property against theft.  This duty is predicated on the foreseeability that stolen vehicles will be involved in accidents."[9]  This is indeed the predicate for liability, but the duty only exists when the risk is foreseeable: the default rule is that vehicle owners have no such duty, except in "exceptional circumstances."  It is for the Plaintiff to make out the case of exceptional circumstances giving rise to the duty Plaintiff seeks to impose on the owner.  "Foreseeable thieves" may create a duty while "unforeseeable thieves" do not.

Plaintiff tries to fit her exceptional circumstance argument into all of the factors cited in the dump truck case, *Vadala,* above.  So, she says, golf carts are a type of vehicle that might draw the attention of persons who are unfamiliar with their operation.  That argument makes far more sense in *Vadala*, involving a dump truck,

---

[7] *Id.* at *3.
[8] *Id.*
[9] Pl.'s Answering Br., Trans. ID 72090046 (Feb. 20, 2024) at 3 (quoting *Robbins v. William H. Porter, Inc*. 2006 WL 1313858, at *1 (Del. Super. Apr. 19, 2006)).

or perhaps a case involving construction equipment. It makes far less sense in considering a golf cart, which is about as complicated as bumper cars at the state fair.

Equally unimpressive is her argument that golf carts are dangerous, capable of inflicting more injury than an "ordinary" vehicle. This is again argued from the analysis in *Vadala,* but it is a strained argument here. Golf carts are not dump trucks. Without minimizing Plaintiff's injuries, most golf cart mishaps do not result in serious injury, as a half hour watching YouTube videos of golfers acting irresponsibly with their carts will demonstrate. Any mechanized means of locomotion is capable of causing injury. But the likelihood is far greater with full sized motor vehicles and greater still with a dump truck.

Plaintiff tries to show that Forewinds was on notice of the possibility of the theft of Cart No. 36 because of the prior theft of a cart 2 weeks earlier. But this is a distortion of the record: the "theft" 2 weeks earlier was a quite different species – 2 individuals walked up to a cart in the return queue, got in it and drove away before abandoning it. The theft of Cart No. 36 occurred overnight, inside a fenced, locked pen. The prior attempted theft on June 17 did not put Fairwinds on notice that thieves would enter the locked pen and vandalize the security to pry out a golf cart. That was not a "foreseeable theft" as a matter of law.

6

Before Ms. Carroll was injured in the mishap on June 29, Forewinds knew it had experienced a theft of two carts on the night of the 27th. The theft of Cart No. 36 and the "range picker" was reported to the police at 9 a.m. on the 28th. Forewinds knew where the carts had been and knew they were gone in the morning. Telltale evidence of theft included a broken lock and pried hinges.

Plaintiff relies on the deposition testimony of Brady Iddon, the juvenile thief at the bottom of all this. Brady testified at a deposition that Cart No. 36 was simply driven off the lot, in broad daylight, several days before the night he stole the range picker. A cart *was* driven off the lot "several days" earlier – on June 17 -- when two unidentified juveniles drove off in a cart but abandoned it a short distance later. That was not Cart No. 36. Whether Brady is truthful or simply confusing his thefts, Plaintiff urges that his confusing testimony creates a fact issue precluding summary judgment.

But Plaintiff presumes that if Brady is being truthful – that he stole Cart No. 36 in broad daylight days or weeks earlier – then Plaintiff has a case to make against Forewinds. Leaving aside the dubious proposition that someone broke the lock of the vehicle pen on the night of June 27 but took nothing, the Plaintiff would have the Court impose a "foreseeability" duty on Forewinds for a theft on June 17 – the only other date either side alleges involved even an attempted theft. The only time a cart theft had ever been attempted during business hours was on June 17 and the driver

7

had been spotted, chase given, and the cart abandoned. Forewinds' "sample of one" previous case would not have put Forewinds on notice that a thief may come at night, with a spare key, cut the lock to the pen and vandalize the fencing to squeeze a golf cart off the premises at night. And if it was taken – as Brady apparently believes – on June 17, Forewinds had no prior experience with a thief at all and certainly no notice that would impose a duty to protect from a theft. So, the alleged factual discrepancy found in Brady Iddon's testimony is not "material" within the meaning of D.R.Civ.P Rule 56(c). Under either scenario, Plaintiff cannot show notice to Defendant such that harm to members of the public from torts caused by golf cart thieves was foreseeable.

The Court expresses no opinion if a course manager can ever be held liable to a downstream tort victim when a thief steals a golf cart. One supposes some fact pattern imposing a "foreseeability of theft" duty on the golf course manager may come along some day. But this is not that fact pattern. The Court must do its duty and **GRANT** summary judgment to Defendant Forewinds.

**IT IS SO ORDERED**.

/s/ Charles E. Butler
Charles. E. Butler, Resident Judge

8