# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BUD SIPPLE,                              )
                                         )
            Plaintiff,                   )
                                         )     C.A. No.: N23C-01-213 FJJ
      v.                                 )
                                         )
MICHAEL RICHARDS, and                    )
SAM'S CONSTRUCTION, LLC,                 )
                                         )
            Defendants.                  )

Submitted: May 9, 2024
Decided: June 25, 2024

**OPINION AND ORDER**
*on Defendant, SAM'S CONSTRUCTION, LCC's*
*Motion for Summary Judgment*

**DENIED**

*James Gaspero, Esquire,* Nitsche & Frederick, LLC, Wilmington, DE*, Attorneys for Plaintiff.*

*Susan List Hauske, Esquire,* Tybout, Redfearn & Pell, Wilmington, DE, *Attorneys for Defendants.*

**Jones, J.**

This is a personal injury action that arises out of an August 19, 2022 motor vehicle accident. Plaintiff was a front seat passenger hit by a vehicle driven by Michael P. Richards ("Richards") and owned by Defendant Sam's Construction, LLC ("Sam's Construction"). While the vehicle in question was owned by Sam's Construction, Richard did not have the consent or authorization of Sam's Construction to operate the vehicle. The Sam's Construction vehicle that Richards was driving had been stolen by Richards shortly before the accident. The vehicle involved was a work truck. It was parked in a Wawa parking lot. Its operator, Mauricio Gomes ("Gomes") was the Sam's Construction employee who had been driving the vehicle prior to it being stolen. It was late at night when Gomes and two coworkers arrived at the Wawa in Millsboro in the vehicle. Gomes two coworkers went into the Wawa first. Shortly thereafter Gomes followed his two coworkers into the Wawa. Assuming the two coworkers would return to the truck before him, Gomes did not lock the truck and left the keys on the center console. The truck was not running. However, before Gomes or his coworkers returned to the truck, Richards stole the truck.

Plaintiff has sued Richards and Sam's Construction. The theory against Sam's Construction is that its employee failed to properly lock and secure the vehicle, allowing Richards to steal it. Sam's Construction has filed a Motion for

2

Summary Judgment maintaining that Sam's Construction owed no duty to the Plaintiff.

The law of stolen vehicles, the foreseeability of thefts and the duty, if any, owed by vehicle owners to protect others from harm caused by a potential vehicle theft has been addressed by Delaware courts.[1] In *Vadala,* the Court focused on foreseeability. The *Vadala* Court said when determining the foreseeability of the risk of harm sufficient to impose a duty to a third person, the Court should consider: (1) whether the vehicle is of a type that might attract potential thieves who may not know how to operate the vehicle (such as a dump truck); (2) if the vehicle is capable of inflicting more injury than the "ordinary" vehicle; (3) what other security measures were taken (such as taking the keys out); and (4) whether the area in which the vehicle was located (such as a storage yard) had been victimized previously by thefts making such acts foreseeable.

The *Vadala* Court denied summary judgment saying, "the questions of foreseeability of a particular risk, the reasonableness of the defendant's conduct, and whether or not an intervening cause is normal or abnormal are, ordinarily, reserved to the trier of fact."[2] In *Carroll*, this Court recognized that a plaintiff must make out a case of exceptional circumstances giving rise to the duty plaintiff

---

[1] *Carroll v. Christian Bennett, et al.,* 2024 WL 2830633 (Del. Super. 2024); *Jewell v. Abshe*, 2002 WL 9700464 (Del. Super. 2002); *Vadala v. Henkels & McCoy, Inc.,* 397 A.2d 1381 (Del. Super. 1979)
[2] *Id*.

3

seeks to impose on the owner. "Foreseeable thieves" may create a duty while "unforeseeable thieves" do not.[3]

In the instant case, Plaintiff has presented sufficient facts to make out a case that could allow a jury to conclude that Richards was a foreseeable thief. The vehicle was a construction vehicle. The vehicle was parked in the front of a Wawa where there was foot traffic. The incident occurred at night. The vehicle was unlocked, and the keys were left inside the truck on the console, clearly visible to anyone looking in this work truck.

On these facts, it is for a jury to decide the question of whether Richards was a foreseeable thief.[4]

Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

_____
Francis J. Jones, Jr., Judge

cc:   File&ServeXpress

---

[3] *Carroll*, 2024 WL 2830633.

[4] This case is clearly distinguishable from both the *Carroll* and *Jewell* cases, where the Court found no duty. *Carroll* involved the theft of golf carts which occurred overnight in a fenced locked pen. In *Jewell*, the vehicle was taken on private property and was taken by someone who was not a stranger to either the vehicle or the owner of the vehicle and knew where the keys were kept.